**Mario DJAJA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72150.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 5, 2008.

Kathleen S. Koh, Law Office of Kathleen Koh, Whittier, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Justin Constantine, Luis E. Perez, Norah Ascoli Schwarz, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Mario Djaja, native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applica-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, it is unclear whether the BIA conducted a *de novo* review, the court will "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *See Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, reversing only if the evidence compels the result, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

The record does not compel the conclusion that Djaja has shown extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see also Ramadan v. Gonzales,* 479 F.3d 646, 657 (9th Cir.2007) (per curiam). Accordingly, we deny the petition as to Djaja's asylum claim.

Substantial evidence supports the IJ's finding that Djaja failed to establish he had experienced past persecution. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir. 1995). In addition, even assuming the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies to withholding of removal claims, the record does not compel the conclusion that Djaja will more likely than not be persecuted upon return to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Finally, substantial evidence supports the IJ's finding that Djaja failed to establish a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–81 (9th Cir.2007) (en banc).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

In his opening brief, Djaja fails to address, and therefore has waived, any challenge to the agency's determination that he is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**